UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE PEOPLE OF TEMPLE NO. 13,

    Plaintiff,

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

Case No. 21-10328

Honorable Nancy G. Edmunds

**ORDER SUMMARILY DISMISSING CASE**

The matter is before the Court on its own review of Plaintiff's pro se complaint. Plaintiff, "the people of Temple No. 13," filed their complaint against the State of Michigan, the United States Department of Justice, Oakland County's Prosecutor's Office, Bloomfield Township Police Department, and the 48th District Court on February 2, 2021. (ECF No. 1.) The complaint's allegations stem from a traffic stop and the subsequent arrest of Thunder-Kahraba Morocco Miles El ("Miles El"). For the reasons set forth below, the Court DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction.

As a preliminary matter, the Court notes that because Plaintiff submitted a filing fee in the incorrect amount, the fee was not accepted by the Clerk's Office. (ECF No. 2.) Ordinarily, the Court would permit Plaintiff to correct this deficiency. However, there is no need to do so here, because even if Plaintiff had paid the filing fee in the correct amount, this complaint would be subject to dismissal.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).  The requirement that a plaintiff who has paid the filing fee be given an opportunity to amend prior to a sua sponte dismissal of the complaint does not apply to a sua sponte dismissal for lack of jurisdiction.  *See Apple*, 183 F.3d at 479.

Plaintiff's complaint is frivolous for two reasons.  First, this case was filed by "the people of Temple No. 13," but the allegations are with regard to Miles El, who signed the complaint himself.  "[T]he people of Temple No. 13," and even Temple No. 13 itself, cannot bring this case on behalf of Miles El.  *See Moors v. Canton Police Dep't*, No. 20-cv-10361, 2020 U.S. Dist. LEXIS 81241, at *8, 10-11 (E.D. Mich. May 8, 2020).  And to the extent Temple No. 13 can be construed as the plaintiff, this case cannot be litigated without counsel.  *See id.*; *see also Moorish Sci. Temple of Am. v. Michigan*, No. 14-cv-12166, 2014 U.S. Dist. LEXIS 81393, at *5 (E.D. Mich. June 16, 2014) ("A complaint filed by an unrepresented corporation, partnership or unincorporated association is a nullity which may be stricken and the claims dismissed.").

Second, "[t]his case is one of the growing number of cases filed by litigants involved in Moorish American sovereign citizen movements." *See Moors*, 2020 U.S. Dist. LEXIS 81241, at *1-2.  Arguments based on sovereign citizen theories "have been uniformly rejected by the federal courts" for decades, *Smith v. Heyns*, No. 13-14013,

2014 U.S. Dist. LEXIS 100838, at *3 (E.D. Mich. July 24, 2014), and have also been "recognized as frivolous and a waste of court resources," *Muhammad v. Smith*, No. 3:13-CV-760, 2014 U.S. Dist. LEXIS 99990, at *6 (N.D.N.Y. July 23, 2014); *see also United States v. Ward*, No. 98-30191, 1999 U.S. App. LEXIS 9255, at *5-6 (9th Cir. May 13, 1999) (noting that arguments based on sovereign citizen theories are ordinarily rejected "without extended argument").

Here, Miles El alleges that Defendants violated his "divine rights" during the course of a traffic stop and arrest that took place on July 20, 2020.[1] Miles El appears to indicate that the criminal charges brought against him for fleeing and child endangerment should be dismissed because Defendants do not have jurisdiction over him as a Moorish-American. Among other documents, he attaches his Moorish-American identification card and the Treaty of Peace and Friendship to the complaint. Because the claims relate to events that took place within the United States, they are "facially frivolous." *See Grayson-Bey v. Hutchinson*, No. 2:20-cv-10487, 2020 U.S. Dist. LEXIS 37062, at *4 (E.D. Mich. Mar. 4, 2020) (internal quotation marks and citation omitted).

In sum, the Court does not have subject matter jurisdiction over this frivolous case. Accordingly, Plaintiff's complaint is DISMISSED without prejudice.

SO ORDERED.

                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: March 16, 2021

---

[1] Miles El also takes issue with the contents of the police report of the encounter but concedes that he fled the scene during the traffic stop.

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>Case Manager